IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARIAN MANUEL POWELL,

Petitioner,

v.

WILLIAM KNIPP, Warden,

Respondent.

_______________________________________/

No. C 12-05985 YGR (PR)

**ORDER (1) GRANTING MOTION FOR RECONSIDERATION; (2) VACATING FEB. 13, 2013 ORDER DISMISSING ACTION WITHOUT PREJUDICE; (3) REOPENING ACTION; (4) DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND (5) DIRECTING RESPONDENT TO SHOW CAUSE WHY THE AMENDED PETITION SHOULD NOT BE GRANTED**

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an in forma pauperis (IFP) application. In an Order dated February 13, 2013, the Court dismissed the petition because Petitioner had not signed his petition or provided his certificate of funds in support of his IFP application.

After the case was closed, in a letter dated February 19, 2013, Petitioner now informs the Court that he had mailed his certificate of funds and prisoner trust account statement "before December 17, 2012." (Pet'r Feb. 19, 2013 Letter at 1.) He claims that he also mailed his signed petition at the same time. He attaches these documents to his February 19, 2013 letter. The attached documents, each dated either December 10 or 11, 2012, are exactly what Petitioner claims they are; however, the only document showing evidence of being filed with the Court -- i.e., marked as "FILED" by the Clerk of the Court and date stamped December 17, 2012 -- is his prisoner trust account statement. The Court's electronic database shows that, in fact, only his prisoner trust account statement was filed on December 17, 2012. (Docket No. 6.) Because nothing else was scanned and e-filed by Clerk's Office staff, the Court assumes the Clerk did not receive any of the other aforementioned documents. Nevertheless, Petitioner has proven to the Court that he attempted to correct the deficiencies of his petition and IFP application before his case was dismissed. In view of this, the Court construes his February 19, 2013 letter as a motion for reconsideration of its

United States District Court
For the Northern District of California

February 13, 2013 Order of Dismissal. The Court GRANTS Petitioner's motion for reconsideration. Therefore, the Court's February 13, 2013 Order of Dismissal Without Prejudice is VACATED.

The Court now reviews the signed petition, which will be labeled the "Amended Petition." Petitioner has also filed a motion for appointment of counsel. It does not appear from the face of the amended petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1. Petitioner's motion for reconsideration is GRANTED, and the Court's February 13, 2013 Order of Dismissal Without Prejudice is VACATED. The Clerk of the Court shall REOPEN this action. The Clerk is directed to file the signed petition attached to Petitioner's February 19, 2013 letter and mark it as filed on March 4, 2013, the date it was received. (Docket No. 9 at 22-87.) The Clerk is further directed to label it as the "Amended Petition."

2. Petitioner's application to proceed IFP (Docket No. 5) is GRANTED.

3. The Clerk serve a copy of this Order and the amended petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

4. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

5. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the amended petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

6. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set

forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

7. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

9. Petitioner's motion for appointment of counsel is DENIED without prejudice. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner clearly presented his claims for relief in the petition and an order to show cause is issuing. *Accord Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The Court will appoint counsel on its own motion if a evidentiary hearing is later required. *See Knaubert*, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

10. This Order terminates Docket no. 5.

IT IS SO ORDERED.

DATED: May 31, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE